**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSEPH WELLS,**

    Plaintiff,

v.                          Case No.: 8:05-CV-2193-T-EAJ

**XPEDX,** a Division of
International Paper Co., a
foreign corporation authorized
to do business in Florida

    Defendant.
_____/

**ORDER**

    This cause comes on for consideration of **Plaintiff's Motion to Amend to Correct Scrivener's Error and to Allow Claim for Punitive Damages** (Dkt. 99) filed on April 11, 2007, and **Defendant's Response to Plaintiff's Motion to Amend to Correct Scrivener's Error and to Allow Claim for Punitive Damages** filed on April 25, 2007 (Dkt. 109).

    Plaintiff seeks leave to amend his complaint to correct a scrivener's error and to add punitive damages claims for Counts II, III and IV.

**I**.     **Background**

    Plaintiff Joseph Wells brought suit against his former employer Xpedx, a division of International Paper Corporation, alleging that he suffered damages as a result of a wrongful termination of employment on the basis of age and/or that he was terminated in retaliation for alleged complaints he made about age discrimination. In Count II, Plaintiff asserts that Defendant violated the Florida Civil Rights Act, Fla. Stat. § 760.01, et. seq. In Count III, Plaintiff alleges

violations of the Federal Whistleblower Act, 42 U.S.C. § 2000e-3. Plaintiff alleges violations of the Florida Whistleblower Act, Fla. Stat. § 448.102(3) in Count IV.

**II.    Discussion**

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1982). A district court may properly deny leave to amend when such amendment would be futile. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262–63 (11th Cir. 2004). Denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal. Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir.), cert. dismissed, 528 U.S. 948 (1999). Substantial reasons justifying a court's denial of a request for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party by virtue of allowance of the amendment. Id. at 1319.

    A.    Motion to Amend Complaint to Correct Scrivener's Error

In the present case, Plaintiff seeks to amend Count II of his complaint to correct the reference to the Florida statute involving age discrimination. Plaintiff seeks to amend the complaint to cite to Fla. Stat. 760.10, rather than Fla. Stat. 761.10. Defendant does not oppose this motion. In the interest of justice, a district court may grant a motion to amend a complaint to correct a scrivener's error. Hankinson v. Thomas County Sch. Sys., No. 6:04-cv-71, 2006 U.S. Dist. LEXIS 42459, * at 4 (M.D. Ga. June 23, 2006). Thus, the court grants Plaintiff's motion to amend his complaint to correct the citation to the Florida Statute.

    B.    Motion to Amend Complaint to Add Punitive Damages

In seeking to amend Count IV of his complaint, Plaintiff argues that Section 448.103(2)(e) of the Florida Whistleblower Act specifically allows for punitive damages because a court may award a party "any other compensatory damages allowable at law." In addition, Plaintiff contends that since punitive damages are not expressly prohibited by the statute, Plaintiff may seek punitive damages. There is no merit to Plaintiff's argument.

In Branch v. Airtran Airways, Inc., 314 F. Supp. 2d 1194, 1196 (M.D. Fla. 2004), the court held that the statutory language "any compensatory damages allowable at law," clearly indicates that punitive damages and other forms of non-compensatory damages are unavailable under the Florida Whisleblower Act. Likewise, the court summarily rejected plaintiff's argument that punitive damages are available because the statute does not explicitly preclude punitive damages as a remedy. The court held that the plain and unambiguous language of Section 448.103(2) precludes an award of punitive damages for a violation of the Florida Whistleblower Act. Id. Thus, punitive damages are not permitted for Defendant's alleged violation of this act. See also Dudding v. Liberty Healthcare Corp., No. 2:06-cv-149-FtM-99DNF, 2007 U.S. Dist. LEXIS 4364, * 2 (M.D. Fla. Jan. 22, 2007)(punitive damages precluded under the act); Parker v. Peavy & Sons, Inc., No. 4:05-CV-100-SPM, 2006 U.S. Dist. LEXIS 30327, at *3 (N.D. Fla. May 16, 2006)(Florida Whistleblower Act does not provide for punitive damages); Dunford v. Rolly Marine Service Co., No. 05-60166-CIV-DIMITROULEAS, 2005 U.S. Dist. LEXIS 9759, at * 3 (S.D. Fla. April 11, 2005)(no Florida case authorizes the award of punitive damages). Accordingly, Plaintiff's motion for leave to amend Count IV of his complaint would be futile and the motion is denied.

As to Plaintiff's motion for leave to add claims for punitive damages for Counts II and III, Plaintiff asserts the Florida Civil Rights Act and the Federal Whistleblower Act specifically allow

for punitive damages. Plaintiff argues that the allegations in the complaint and evidence obtained during discovery, including depositions and sworn statements, show Defendant's egregious actions in terminating Plaintiff. In response, Defendant opposes the motion because it would be unfair and prejudicial to allow for punitive damages after the close of discovery.

A plaintiff's undue delay in seeking leave to amend is a sufficient basis to deny such a motion. Hester v. Int'l Union of Operating Eng'rs, AFL-CIO, 941 F.2d 1574, 1578-79 (11th Cir. 1991). The Eleventh Circuit has held it was proper for a district court to deny a motion to amend when the motion was filed on the last day of discovery and plaintiff failed to explain why the motion could not have been filed earlier. Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003). Further, a court properly denied a motion for leave to amend a complaint filed one month before the close of discovery when the motion sought to increase significantly the damages and did not offer a valid explanation why plaintiff did not attempt to amend her complaint earlier. Muegge v. Heritage Oaks Golf & Country Club, Inc., 209 Fed. Appx. 936, 939-940 (11th Cir. 2006).

Here, Plaintiff filed the motion for leave to amend his complaint five days before the close of discovery.[1] In addition, Plaintiff offers no justification for the failure to promptly seek leave to file an amendment. Indeed, Plaintiff cites to allegations in his complaint as grounds for allowing the addition of the punitive damages claim. Thus, the information supporting the claims for punitive damages was available at the time the complaint was filed. To the extent that the proposed amendment is based upon depositions and sworn statements taken during discovery, Plaintiff

---

[1] By order of December 5, 2006, the court extended the discovery cut-off date to April 15, 2007. (Dkt. 73) April 15, 2007 was a Sunday. As such, discovery in this case closed on Monday, April 16, 2007.

4

neglects to advise the court when Plaintiff obtained this information and how these facts differ from the information set forth in the complaint. Newly discovered facts that merely bolster the allegations contained in Plaintiff's complaint do not justify Plaintiff's undue delay in filing his motion for leave to amend his complaint.

The amendment of Plaintiff's complaint at this late date would also result in unfair prejudice to Defendant. Allowing Plaintiff to amend his complaint to add new claims of punitive damages after the deadline for discovery and expert witness disclosures and less than one month before the dispositive motion deadline would be prejudicial to Defendant.[2] Moreover, allowing Plaintiff to amend his complaint would likely delay the filing of dispositive motions and necessitate a continuance of the final pretrial conference and the trial date.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) **Plaintiff's Motion to Amend to Correct Scrivener's Error** (Dkt. 99) is **GRANTED.** Plaintiff shall file an amended complaint correcting the scrivener's error in Count II within 10 days of this order.

(2) **Plaintiff's Motion to Amend to Allow Claim for Punitive Damages** (Dkt. 99) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 7th day of May, 2007.

---

[2] The court extended Plaintiff's expert disclosure deadline to January 15, 2007, Defendant's expert disclosure deadline to March 15, 2007, and the dispositive motion deadline to June 1, 2007. (Dkts. 73 and 115)

/s/ Elizabeth A. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge