UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH WELLS,**

    Plaintiff,

v.                                        Case No.: 8:05-CV-2193-T-EAJ

**XPEDX,** a Division of
International Paper Co., a
foreign corporation authorized
to do business in Florida

    Defendant.
_____/

## ORDER

This cause comes on for consideration of **Plaintiff's Amended Motion to Extend Time for Discovery and Reset Trial Date** (Dkt. 98) filed on April 6, 2007, **Defendant's Unopposed Motion for Leave to File Response to Plaintiff's Amended Motion for Extension** filed on April 27, 2007 (Dkt. 112) and **Plaintiff's Unopposed Motion for Leave to File Reply to the Response of Defendant** (Dkt. 116) filed on April 30, 2007.

**Plaintiff's Amended Motion to Extend Time for Discovery and Reset Trial Date**

On April 6, 2007, Plaintiff filed an amended motion seeking to extend all dates set forth in the amended case management order in order to complete discovery.[1] (Dkt. 98) The discovery cut-off deadline was April 15, 2007. As grounds for his motion, Plaintiff cites to an amended motion

---

[1] By order of April 30, 2007, the court granted in part the joint motion to extend time for case management deadlines and trial. (Dkt. 115) The court extended the deadline for dispositive motions to June 1, 2007 and noted that a separate order would be issued re-setting the date for the final pre-trial conference and trial.

to take the depositions of Defendant's corporate representative and Carolyn Hamrick ("Hamrick"). Additionally, Plaintiffs asserts that additional time for discovery is required to take the depositions of David Stall ("Stall"), a former female employee of Xpedx who allegedly filed a sexual harassment complaint, and Byron Wells, an employee of Xpedx.

On April 23, 2007, the court granted Plaintiff's Amended Motion to allow Additional Depositions of Defendant's corporate representative and Carolyn Hamrick. (Dkt. 107) The court directed Plaintiff to take these depositions no later than May 23, 2007. The court also deferred ruling on Plaintiff's Amended Motion to Compel the production of discovery responses until after the taking of these two depositions. (Id.)

In reference to Plaintiff's request to take three additional depositions, Plaintiff contends that he only recently learned of the need to take Stall's deposition on April 5, 2007. Stall is an employee of Nationwide Papers who filed a civil action in federal court on November 1, 2000, alleging age discrimination against International Paper. (Dkt. 98 at 2, 4; Dkt. 98-2 at 1-3) Plaintiff also alleges that two of Plaintiff's supervisors, Jack Luker ("Luker") and Dan Watkoske ("Watkoske") previously worked for Nationwide Papers, a division of Champion Papers, and may have supervised Stall.[2] Although Stall's complaint does not name individuals who allegedly discriminated against Stall, Plaintiff believes that Luker was named in an Equal Employment Opportunity Commission ("EEOC") complaint filed by Stall.

Plaintiff further contends that the EEOC informed Plaintiff's counsel on April 5, 2007 that

---

[2] Plaintiff alleges that Stall was a general manager in Nationwide Papers and responsible for major sales and distribution. (Dkt. 116 at 4) Further, Plaintiff alleges that Luker was a vice president of sale and marketing for Nationwide Paper and Watkoske was a national accounts manager for Nationwide Paper during the relevant time period of Stall's complaint. (Id.)

documents relating to Stall's EEOC complaint were destroyed. Because Plaintiff is unable to obtain documents from the EEOC relating to Stall's complaint, Plaintiff seeks to take Stall's deposition to determine if Luker or Watkoske were involved in Stall's complaint.

Next, Plaintiff argues that discovery should be extended to permit the deposition of a former female employee of Xpedx who filed a sexual harassment complaint against Xpedx. (Dkt. 98 at 3) Plaintiff asserts that her testimony is relevant to Plaintiff's complaint and her deposition testimony will be used to impeach Watkoske.[3] As to the delay in seeking this deposition, Plaintiff contends he had difficulty locating this employee because of her name change as a result of her marriage. (Dkt. 116 at 6) When Plaintiff's counsel eventually spoke to the female employee in late March 2007, she initially agreed to give a sworn statement directly contradicting Watkoske's testimony. (Id.) Plaintiff asserts the female employee recently refused to sign a sworn statement and has avoided private investigators who have attempted to contact her.

Finally, Plaintiff seeks to take the deposition of Byron Wells, an Xpedx employee who may have sought legal assistance regarding an age discrimination suit against Watkoske and Luker.[4] (Dkt. 98 at 3-4) Plaintiff contends that the testimony of Stall and Byron Wells would show a course of discriminatory practices by Watkoske and Luker and bolster his whistleblower claim. (Dkt. 98 at 6)

In response, Defendant opposes Plaintiff's motion to take the additional depositions because

---

[3] In his complaint, Plaintiff alleges that Watkoske informed Plaintiff that he was "in big trouble" for interfering with a sexual harassment investigation and was going to terminate Plaintiff for his interference. (Dkt. 2 at 14, ¶ 98) Xpedx's legal counsel assured Plaintiff that he would not be terminated by Watkoske regarding the sexual harassment investigation. Plaintiff alleges that Watkoske was very angry at Plaintiff for contacting Xpedx's legal counsel about the incident.

[4] Byron Wells is not related to Plaintiff. (Dkt. 98 at 3)

the information is irrelevant and Plaintiff fails to provide adequate justification for the late request to take these depositions. Defendant contends that Stall's testimony is irrelevant because Stall was employed by Champion Paper until November 20, 1999, and International Paper did not acquire Champion Paper until July 1, 2000. (Dkt. 112-2 at 2) Defendant also notes that Plaintiff never met Stall, Stall does not have any knowledge of Plaintiff's employment with Xpedx, and Stalls never worked for International Paper or Xpedx. (Dkt. 112-2 at 2-3)

As to Plaintiff's request to take the deposition of a former female employee who filed a sexual harassment complaint, Defendant contends that Plaintiff's request is untimely. Defendant states that Plaintiff was aware of the need for this testimony because the sexual harassment charge is referenced in Plaintiff's complaint. (Dkt. 112-2 at 4; Dkt. 2, Compl. ¶¶ 95-105) Defendant opposes Plaintiff's deposition of Byron Wells on relevancy grounds. Defendant asserts there is no evidence that Byron Wells worked for Xpedx's National Accounts Division or reported to Watkoske or Luker. (Dkt. 112-2 at 3)

**Discussion**

The testimony of another employee, who was allegedly discriminated by the same supervisor, is relevant to prove the supervisor's motive, intent or plan. Phillips v. Smalley Maintenance Serv. Inc., 711 F.2d 1524, 1532 (11th Cir.1983); see also, Phillip v. ANR Freight Systems, Inc., 945 F.2d 1054, 1056 (8thCir. 1991), cert. denied, 506 U.S. 825(1992)(evidence of other age discrimination lawsuits filed against defendant is relevant to show pretext).

In this case, Plaintiff has provided sufficient grounds to take the deposition of Stall. Although Stall was terminated in November of 1999, at the time of the filing and settlement of Stall's age discrimination complaint, International Paper had acquired Nationwide Paper. In

4

addition, Defendant does not dispute Plaintiff's assertion that Watkoske and Luker previously worked for Champion Paper.  Nor does Defendant refute Plaintiff's contention that Watkoske and Luker may have supervised Stall and been named in an EEOC complaint by Stall.  Thus, Stall's testimony may be relevant to prove the motives of Watkoske and Luker in terminating Plaintiff.  In light of the EEOC's recent notification that the documents relating to Stall's complaint were destroyed, the court grants Plaintiff's motion to take Stall's deposition.  Plaintiff may take Stall's deposition on or before May 23, 2007.

The court finds that Plaintiff's request to take the deposition of the former female employee, on balance, is untimely and unsupported by good cause when considering when counsel learned of the identity of this witness and the alleged materiality of her testimony.

Plaintiff's request to depose Byron Wells is denied for lack of relevance.  There is no evidence in the record to demonstrate that Byron Wells reported to Luker or Watkoske.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) **Plaintiff's Unopposed Amended Motion to Extend Time for Discovery and Reset Trial Date** (Dkt. 98) is **GRANTED in PART**.

(2) The discovery cut-off deadline is extended to May 23rd, 2007 for the purpose of taking the depositions of Defendant's corporate representative, Hamrick, and Stall.

(3) The final pre-trial conference is rescheduled to September 10, 2007 at 10:00 am;

(4) The trial date is rescheduled to commence on a date certain beginning October 15, 2007 at 9:00 am.

**DONE AND ORDERED** in Tampa, Florida this 8th day of May, 2007.

/s/ Elizabeth A. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge