UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH WELLS,**

    Plaintiff,

v.                                    Case No.: 8:05-CV-2193-T-EAJ

**XPEDX,** a Division of
International Paper Co., a
foreign corporation authorized
to do business in Florida

    Defendant.
_____/

**ORDER**

    Before the court is **Plaintiff's Motion for Reconsideration** (Dkt. 119) and **Defendant's Response to Plaintiff's Motion for Reconsideration** (Dkt. 121).  For the reasons stated, Plaintiff's request that the undersigned reconsider the denial of Plaintiff's Motion to Allow Punitive Damages (Dkt. 117) is **DENIED**.

    Reconsideration of a previous order is an extraordinary remedy, one that is reserved for those instances where the facts or law are so strongly convincing as to induce the court to reverse its prior decision.  Ludwig v. Liberty Mutual Fire Insur. Co., No. 03-CV-2378-T, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) (citations omitted).  Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice.  Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp.2d 1306, 1308 (M.D. Fla. 1998) (citing Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981)).

In the instant motion to reconsider, Plaintiff does not argue that there has been an intervening change in controlling law, present previously unavailable evidence, or show that reconsideration is necessary to correct a clear error or manifest injustice. Plaintiff merely reiterates the same arguments raised in his prior motion. The court has already considered and rejected Respondent's arguments. Thus, the court concludes that Respondent has failed to meet the Rule 59(e) standard and the motion is denied.

Therefore, the request contained in **Plaintiff's Motion for Reconsideration** (Dkt. 119) that the undersigned reconsider the order denying Plaintiff's Motion to Allow Punitive Damages (Dkt. 117) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on this 2nd day of July, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge