**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOSEPH WELLS,**

    **Plaintiff,**

v.                                                           **Case No.: 8:05-cv-02193-T-EAJ**

**XPEDX, a Division of International
Paper Co., a foreign corporation
authorized to do business in Florida,**

    **Defendant.**

_____/

**ORDER**

Before the court is **Defendant's Motion to Tax Costs** (Dkt. 189) and **Plaintiff's Response to Defendant's Motion to Tax Costs** (Dkt. 194).

**I.   BACKGROUND**

Plaintiff Joseph Wells brought suit against his former employer Xpedx, a division of International Paper Corporation, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et. seq., the Florida Civil Rights Act, Fla. Stat. § 760.01, et. seq., the Federal Whistleblower Act, 42 U.S.C. § 2000e-3, and the Florida Whistleblower Act, Fla. Stat. § 448.102(3). (Dkt. 2)  Plaintiff also filed a claim for emotional distress as a result of Defendant's alleged intentional torts.  (Id.)  On September 11, 2007, the court granted summary judgment in favor of Defendant on Plaintiff's age discrimination claims, emotional distress claim and federal whistleblower claim. (Dkt. 185)  The court dismissed without prejudice Plaintiff's claim under the Florida Whistle Blower Protection Act.  (Dkt. 185 at 27)

Defendant asserts that it is entitled to recover court reporter costs, including court reporters' appearance fees and fees for the recording, transcription and copies of Defendant's depositions, copies of depositions taken by Plaintiff, and photocopying charges. Defendant's counsel claims $9,451.92 in costs. Plaintiff argues that the requested costs are not taxable because Defendant has not been fully successful in this matter and because the issues presented in this case were close and difficult.

## II. DISCUSSION

Rule 54(d) provides that costs other than attorneys' fees "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party that the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991). In taxing costs under costs under Rule 54(d)(1), the district court may tax only those costs explicitly authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Under 28 U.S.C. § 1920, the following costs may be taxed: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

Though Rule 54(d) grants the court discretion to deny costs to the prevailing party, the court needs a sound basis to overcome the strong presumption that a prevailing party is entitled to costs. Pickett v. Iowa Beef Processors, 149 Fed. App'x. 831, 833 (11th Cir. 2005). Plaintiff argues that

the requested costs are not taxable because Defendant has not been fully successful in this matter. Because Plaintiff's state whistle blower claim was dismissed without prejudice, Plaintiff contends that Defendant is not entitled to recover its costs. To be a prevailing party, a party need not prevail on all issues to justify a full award of costs. Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). Here, the granting of summary judgment in favor of Defendant on the majority of Plaintiff's claims renders Defendant the prevailing party for purposes of imposing costs. See Pickett, 149 Fed. App'x. at 832 (finding that a "defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit"). Furthermore, the court disagrees with Plaintiff that the issues presented by this action were close or difficult. Although there were numerous motions filed and various arguments made by the parties, the legal issues were not particularly novel or complicated. Accordingly, Defendant may recover costs necessarily obtained for use in the case. United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000).

**A. Court Reporter and Deposition Costs**

Taxation of court reporter costs, including fees for the recording, transcription, and copies of depositions, is authorized by 28 U.S.C. § 1920(2). Deposition costs are taxable only if they were wholly or partially "obtained for use in the case." United States E.E.O.C. v. W&O, Inc., 213 F.3d at 621.

Defendant seeks reimbursement of $8,077.37 for court reporters, including court reporters' appearance fees and fees for the recording, transcription, and copies of depositions for depositions. Specifically, Defendant seeks reimbursement for the costs of depositions of Joseph Wells, taken by Defendant. Defendant also argues that it is entitled to recover the costs of obtaining copies of the following depositions taken by Plaintiff: Timothy Deese, Robert Grillet, Ernest Elliot, Chris Hugo,

Art Douville, Jack Luker, Ricardo Moncada, Matt Morrow, Eilis Murphy, Daniel Watkoske and Mark Wilson. (Dkt. 189-2, Ex. A)  Defendant argues that these depositions costs were a necessary expense for the defense of the case.  Plaintiff neither disputes that these costs were incurred for the defense of the case nor raises any objection to the amount of costs.  Having reviewed Defendant's motion and supporting documentation, the court finds that these requested costs are reasonable and were necessarily obtained for use in the case.  Therefore, Plaintiff will be taxed  court reporter fees and deposition costs in the amount of $8,077.37.

### B. Photocopying Costs

Taxation of photocopying costs is specifically authorized by 28 U.S.C. § 1920, so long as the "prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  United States EEOC v. W&O, Inc., 213 F.3d at 623.  In this regard, the prevailing party must present evidence of the nature of the documents copied, including how they were intended to be used in the case.  Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992).

Defendant requests $1,374.55 for photocopying of: (1)  deposition transcripts provided to the court for the Motion for Summary Judgment, (2) trial notebooks, (3) Defendant's Exhibit No. 55, (4) the original EEOC file,  and (5) documents produced by third parties. (Dkt. 189-2, Ex. B) Defendant asserts  that these photocopying charges were a necessary expense for the defense of the case. Once again, Plaintiff does not challenge the necessity or reasonableness of these costs.  After reviewing Defendant's motion and the attached Bill of Costs, the court finds that the costs at issue were necessary for the defense in the case.

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) **Defendant's Motion to Tax Costs** (Dkt. 189) is **GRANTED**. Defendant is awarded $8,077.37 in court reporter fees and depositions costs, $1,374.55 in photocopying costs, for a total award of $9,451.92.

(2) The Clerk of the Court is directed to tax costs in the amount of $9,451.92 against Plaintiff.

**DONE AND ORDERED** in Tampa, Florida on this 27th day of November, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge